UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
RICARDO VELASQUEZ,

                              Plaintiff,

           -against-

BOSTON DELI & GROCERY, INC., a New York
corporation, d/b/a BOSTON DELI & GROCERY,
and 757 EAST 169 STREET HOUSING
DEVELOPMENT FUND CORPORATION, a New
York corporation,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2025
```

25 Civ. 1650 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated February 27, 2025, the Court directed the parties to file a joint letter and proposed case management plan by April 28, 2025. ECF No. 8. On April 29, having received no submissions from the parties, the Court extended the deadline to May 28, 2025. ECF No. 12. At Plaintiff's request, the Court extended the deadline a second time to June 30, 2025. ECF No. 14. After having again received no submissions from the parties, the Court extended the deadline for a third time to August 1, 2025, ECF No. 15, a fourth time, at Plaintiff's request, to September 19, 2025, ECF No. 22, a fifth time, to October 20, 2025, ECF No. 25, and a sixth time to November 21, 2025, ECF No. 26. The parties' submissions are now, again, overdue.

The Court has advised Plaintiff of Rule II.B of the undersigned's Individual Practices in Civil Cases, which directs Plaintiff to "submit a letter requesting an adjournment and informing the Court of the status of defense counsel's appearance and whether [P]laintiff intends to seek a default judgment," where, as here, Defendants have not appeared in the action. *See* ECF Nos. 25, 26. The Court also advised the parties that no further extensions would be granted absent exceptionally good cause shown. *See* ECF No. 25.

Federal Rule of Civil Procedure 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "When deciding whether to dismiss a case under Rule 41(b), courts consider [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Volfman v. Marron Pastry Inc.*, No. 22 Civ. 10742 (VSB), 2023 WL 4288357, at *2 (S.D.N.Y. June 30, 2023) (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)) (cleaned up).

Here, at least four factors balance in favor of dismissal.  Plaintiff's failures to comply with the Court's orders have spanned months, *see* ECF No. 8 (directing the parties to submit a joint letter and a proposed case management plan and scheduling order by April 28, 2025), despite six extensions of deadlines.  In its orders granting Plaintiff extensions, the Court advised Plaintiff on numerous instances that further delays would result in dismissal.  *See* ECF Nos. 15, 25, 26.  The Court has also taken steps to balance Plaintiff's right to due process and assess the efficacy of lesser sanctions by providing six extensions in the Court-ordered deadlines and by providing Plaintiff with an opportunity to seek default judgment due to Defendant's failure to appear, *see* ECF Nos. 25–26.

Accordingly, this matter is DISMISSED without prejudice pursuant to Rule 41(b).  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:  December 18, 2025
        New York, New York

_____
ANALISA TORRES
United States District Judge